# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

Civil Action No.: __22-5_____

| | |
|---|---|
| MATTHEW ROUS, | ) |
|                     **Plaintiff,** | ) |
| v. | ) |
| | )    **COMPLAINT** |
| CITY OF ASHEVILLE; and JOHN DOE, in his official and individual capacity, | ) |
|                     **Defendants.** | ) |

_____

**NOW COMES** Plaintiff, **MATTHEW ROUS**, by and through counsel, and complaining of the acts and/or omissions of Defendants, alleges and says as follows:

## PARTIES and JURISDICTION

1. At all relevant times herein, Plaintiff was a citizen and resident of Jackson County, North Carolina.

2. Defendant City of Asheville ("Defendant City") is a municipal corporation organized under N.C.G.S. § 160A and chartered by the State of North Carolina. Defendant City operates and maintains a law enforcement agency known as the City of Asheville Police Department ("Department").

3. At all relevant times herein, based on information and belief, Defendant Doe was a law enforcement officer who worked for the Department. At all relevant times herein, Defendant Doe was acting within the scope of his authority and the course of his official duties as a law enforcement officer for the Department and, based on respondeat superior, his actions and/or omissions are imputed to Defendant City.

4. Based on information and belief, the Department knows the identity of Defendant Doe and his identity can be discovered through discovery or through intervention by the Court.

5. Based on information and belief, Defendant City has, pursuant to N.C.G.S. § 160A-485, waived its governmental immunity through the purchase of liability insurance and/or through the use of a funded reserve.

1

6. Jurisdiction of this Court is involved pursuant to 28 U.S.C. §§ 1331, 1343(a)(3) and 1367.

7. Pursuant to 28 U.S.C. § 1391(b)(2), this Court is the proper venue since a substantial part of the events or omissions giving rise to allegations contained herein occurred in this judicial district.

**FACTS**

8. On May 31, 2020, Plaintiff was a student at Western Carolina University in Cullowhee, North Carolina.

9. On the evening of May 31, 2020, Plaintiff traveled to Ashville, North Carolina. As he was downtown, an assembly was taking place in the wake of the George Floyd law enforcement incident that occurred in Minneapolis, Minnesota on May 25, 2020. Plaintiff decided to participate in the assembly and exercise his First Amendment rights.

10. At approximately 10:00 p.m., Plaintiff, exercising his First Amendment rights of speech and assembly, was assembled with others at or near the Vance Monument in downtown Asheville and was engaging in a peaceful protest.

11. During the entire protest, Plaintiff was unarmed, was not exhibiting acts of violence to anyone, and was not engaged in any acts of property damage.

12. At some point around 10:00 p.m., law enforcement officers with the Department began deploying tear gas and other specialty less lethal weapons and munitions toward various protesters.

13. Based on information and belief, Plaintiff was standing about fifteen (15) yards away from a group of law enforcement officers which included Defendant Doe.

14. Based on information and belief, Defendant Doe and the other law enforcement officers had formed a perimeter to keep the protesters located in a designated area.

15. Based on information and belief, while aiming toward Plaintiff's head, Defendant Doe fired a 40 mm powder dispersion round.

16. Based on information and belief, instead of solely emitting a chemical plume of smoke, the firearm also shot a projectile from its barrel.

17. The projectile fired from Defendant Doe's weapon struck Plaintiff in the throat.

18. Plaintiff immediately felt the projectile strike his throat, and through his actions and words, notified Defendant Doe and that he had shot him in the throat.

19. In disregard of Plaintiff's notification, Defendant Doe fired a "headshot" at Plaintiff, whereby Defendant Doe fired another round directly at Plaintiff's head.

20. Defendant Doe's dispersion round, again, did not discharge into a chemical plume but shot another projectile directed at Plaintiff's head.

21. Defendant Doe's shot struck Plaintiff in the right eye blinding him. Plaintiff dropped to the ground clutching his right eye. Plaintiff sought immediate medical treatment, which is ongoing as of the time of this Complaint. It is unlikely Plaintiff will return to his pre-injury level of vision due to the damage to his right eye.

## FIRST CLAIM FOR RELIEF
### Violation of Fourth Amendment
### (Defendant Doe in his Individual Capacity)

22. Plaintiff incorporates and realleges the allegations as set out in the above paragraphs.

23. Plaintiff brings this claim pursuant to 42 U.S.C. § 1983 for violations of his rights protected by the Fourth Amendment of the United States Constitution which apply to the actions committed by Defendant Doe by and through the Fourteenth Amendment. All actions complained of herein were taken under the color of law for the purposes of 42 U.S.C. § 1983.

24. At the time Defendant Doe fired his weapon toward Plaintiff, Plaintiff was peacefully in the street exercising his First Amendment rights of speech and assembly, posed no immediate threat to Defendant Doe, other individuals or himself and was not actively resisting arrest or attempting to evade arrest by flight.

25. After he had been struck in the throat with a projectile shot from Defendant Doe's weapon, Plaintiff notified Defendant Doe, through words and actions, that he had been struck by a projective from Defendant Doe's weapon.

26. Despite being on notice that his weapon was firing projectiles, Defendant Doe shot Plaintiff again with a projectile hitting Plaintiff in the right eye, causing blindness and impaired vision.

27. With reckless disregard to Plaintiff's safety, Defendant Doe employed excessive force by aiming and shooting at Plaintiff's head, referred to as a "headshot," when he knew or should have known that his weapon was not solely discharging a chemical plume of smoke.

28. Considering the facts and circumstances confronting him at the time he employed the force, Defendant Doe's actions were objectively unreasonable.

29. Defendant Doe violated Plaintiff's clearly established constitutional rights and any reasonable law enforcement officer would have known that a seizure effected by excessive force is a violation of Plaintiff's Fourth Amendment rights and protections.

30. Defendant Doe's unlawful actions resulted in the direct and proximate cause of Plaintiff's injuries and damages.

31. Plaintiff seeks and is entitled to compensatory damages for the injuries he suffered due to Defendant Doe's violation of his Fourth Amendment rights.

32. Plaintiff also seeks and is entitled to punitive damages against Defendant Doe because Defendant Doe's conduct was malicious or in reckless disregard to Plaintiff's rights.

33. Plaintiff seeks attorneys' fees under 42 U.S.C. § 1988.

## SECOND CLAIM FOR RELIEF
### Assault
**(Defendant City and Defendant Doe in his Individual Capacity)**

34. Plaintiff incorporates and realleges the allegations as set out in the above paragraphs.

35. Defendant Doe's intentional act or display of force and violence, i.e., pointing a weapon at Plaintiff head, threatened Plaintiff with imminent bodily injury.

36. Because of Defendant Doe's act and display of force and violence, Plaintiff had reasonable apprehension that harmful or offensive contact with his person was imminent.

37. Defendant Doe's actions were conducted with malice and, as such, he is not entitled to public official immunity.

38. At all times, Defendant Doe was acting within the scope of his authority and the course of his employment and his actions or omissions are imputed to Defendant City through respondeat superior.

39. Defendant Doe's actions and/or omissions are the direct and proximate cause of Plaintiff's injuries and Plaintiff is entitled to compensatory damages.

40. Plaintiff also seeks and is entitled to recover punitive damages against Defendant Doe, in his individual capacity, to the extent allowed under Chapter 1D of the North Carolina General Statutes for conduct that was malicious and/or willful or wanton.

## THIRD CLAIM FOR RELIEF
### Battery
**(Defendant City and Defendant Doe in his Individual Capacity)**

41. Plaintiff incorporates and realleges the allegations as set out in the above paragraphs.

42. Defendant Doe intentionally caused bodily contact with Plaintiff when he shot him, twice, with a fragmented projectile.

43. Such bodily contact offended Plaintiff's reasonable sense of personal dignity and caused him physical pain and injury.

44. Defendant Doe's actions were conducted with malice and, as such, he is not entitled to public official immunity.

45. At all times, Defendant Doe was acting within the scope of his authority and the course of his employment and his actions or omissions are imputed to Defendant City through respondeat superior.

46. Defendant Doe's actions and/or omissions are the direct and proximate cause of Plaintiff's injuries and Plaintiff is entitled to compensatory damages.

47. Plaintiff also seeks and is entitled to recover punitive damages against Defendant Doe, in his individual capacity, to the extent allowed under Chapter 1D of the North Carolina General Statutes for conduct that was malicious and/or willful or wanton.

## FOURTH CLAIM FOR RELIEF
### Negligence
### (Defendant City)

48. Plaintiff incorporates and realleges the allegations as set out in the above paragraphs.

49. Defendant City's Department is under a duty to train its law enforcement officers to store, maintain and operate specialty less lethal weapons and munitions properly and safely.

50. Defendant City's Department law enforcement officers are under a duty to store, maintain and operate specialty less lethal weapons and munitions in accordance with their training and the manufacturer's storage instructions.

51. Based on information and belief, at all relevant times herein, Defendant City's Department did not provide the necessary training to its law enforcement officers as to properly storing, maintaining and operating 40 mm powder dispersion rounds and/or the Department's law enforcement officers failed to properly store and maintain the rounds in accordance with their training and the manufacturer's storage instructions causing the rounds to be compromised creating unsafe and potentially deadly fragmented projectiles.

52. Defendant City's actions and/or omissions are the direct and proximate cause of Plaintiff's injuries and Plaintiff is entitled to compensatory damages.

**WHEREFORE**, Plaintiff respectfully prays the Court for the following relief:

1. Compensatory damages against Defendants, in their individual and official capacities;

2. Punitive damages against Defendant Doe in his individual capacity;

3. For a trial by jury;

4. For the costs of this action, including reasonable attorneys' fees assessed under 42 U.S.C. § 1988;

5. That Plaintiff receive interest from Defendants, including pre-judgment interest, as provided by law as of the date of the filing of this Complaint; and

6. For such other relief as this Court may deem just and proper.

THIS the 7th day of January 2022.

                                        **THE LAW OFFICES OF**
                                        **ELSTON, DONNAHOO & WILLIAMS**

                                        <u>/s/Brian D. Elston</u>
                                        Brian D. Elston
                                        N.C. Bar No.: 39662
                                        Chad Ray Donnahoo
                                        N.C. Bar No.: 36721
                                        80 Central Ave.
                                        Asheville, NC 28801
                                        (828) 575-9700 (t)
                                        (828) 575-9705 (f)
                                        brian@brianelstonlaw.com
                                        chad@brianelstonlaw.com