IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL NO. 1:22-CV-00005

| | |
|---|---|
| MATTHEW ROUS, | ) |
| Plaintiff, | ) |
| v. | ) CONSENT PROTECTIVE ORDER |
| CITY OF ASHEVILLE; and BRETT L. FOUST, in his official and individual capacity, | ) |
| Defendants. | ) |

This matter is before the Court on the parties' Motion for Entry of Consent Protective Order (Doc. 25). The motion is granted, and the parties' proposed Order is accepted, *except as amended where indicated*.

\*\*\*

**NOW COMES** Plaintiff Matthew Rous, Defendant City of Asheville (hereinafter "City"), and Defendant Brett L. Foust (collectively the "Parties"), by and through their respective counsel, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and hereby stipulate to the entry of this Protective Order allowing release of personnel records possessed by the City and by Defendant Foust.

IT IS, THEREFORE, ORDERED that pursuant to the provisions of Rule 26(c) of the Federal Rules of Civil Procedure, the Court enters this Protective Order for the purposes of assuring the confidentiality of certain information which may be disclosed by the parties in discovery.

1. Plaintiff has requested copies of documents through discovery in this matter, which constitute "personnel records," as that phrase is used within N.C. Gen. Stat. § 160A-168.

2. Pursuant to N.C. Gen. Stat. § 160A-168, "personnel files of employees, former employees, or applicants for employment maintained by a city are subject to inspection and may be disclosed only as provided by" that same statute.

3. Under N.C. Gen. Stat. § 160A-168(c)(4), the production of covered personnel records may be permitted "[b]y order of a court of competent jurisdiction," which the Parties stipulate includes the Court before which this matter is pending.

4. The parties agree that the covered personnel records will be used for no other purpose other than the prosecution or defense of litigation in this matter.

5. Access to and the use of covered personnel records shall further be limited to the following qualified persons/entities:

   a. The parties and attorneys of record for the parties and their staff; insurers, their agents and employees;
   b. A deponent in the action (during or in preparation therefore);
   c. Mediators;
   d. Consultants and technical experts involved in the preparation of this action;
   e. Court reporters, their transcribers, assistants and employees;
   f. Any potential or actual deposition or trial witness to the extent that it is necessary to tender such witness as an exhibit a confidential document in order to elicit testimony relevant to the matters at issue in the court action;
   g. The jury and trier of fact; and
   h. Any judge presiding over any hearing or trial of this action and his/her assistants and employees;

6. In addition, the above individuals and entities that are permitted access to the covered personnel records are hereby ordered not to show, convey or reproduce any documents or materials covered by this Order, or parts thereof, or copies thereof, or any matter contained therein, or any extracts or summaries thereof, to any individual or to any entity that would not otherwise have access to said documents and materials under the provisions of this Protective Order.

7. Counsel may make copies of the covered personnel records for Plaintiff's or Defendants' experts upon receiving from said experts a written agreement that they will be bound by the terms of this Protective Order. The requirement of obtaining such an agreement shall be satisfied by having each of Plaintiff's or Defendants' experts read, acknowledge, and agree in writing to be bound by this Protective Order. A file of all such written acknowledgments shall be maintained by Plaintiff's and/or Defendant's counsel. By signing the declaration agreeing to be bound by this Protective Order, each of Plaintiff's or Defendants' experts submits himself or herself to the jurisdiction of the Court for purposes of enforcement of this Protective Order.

8. The production or disclosure of the covered personnel records, pursuant to the terms of this Order, shall not waive or prejudice the right of any party to object to the production or admissibility of documents or information on grounds other than confidentiality in this action or in any other action.

9. All information derived from the covered personnel records shall be used solely in the prosecution or defense of litigation and shall not be used or disclosed by any person for any other purpose, except as provided herein.

10. Counsel for the parties are responsible for notifying any person who is provided any information derived from the covered personnel records about the terms of this Protective Order. Counsel shall keep a record of all persons to whom disclosures are made.

11. It is specifically agreed that making the aforesaid documents or materials available for inspection, and the production of the aforesaid documents or materials, shall not constitute a waiver by the parties of any claim of confidentiality or to any objection as to the admissibility into evidence of any such documents or materials at the trial of this action, if applicable. The parties involved in the litigation shall be allowed to reserve all rights to object to the admissibility of such documents, materials and information as provided by the Federal Rules of Evidence and Federal Rules of Civil Procedure.

12. Nothing in this Protective Order shall require disclosure of any documents, materials or information that the conveying party contends is protected from disclosure by the attorney-client privilege, documents or materials produced in anticipation of litigation, or as constituting attorney work product materials.

13. All original and copies of the covered personnel records shall be destroyed at the conclusion of litigation, including appeals, with a certification that no other copies exist. *The provisions of this Paragraph do not apply to covered records provided to the Court or appearing on the Court's docket, which information may be subject to a final order of the Court upon the conclusion of the litigation.*

14. This Protective Order shall not prevent any party from applying to the Court for relief from this Protective Order or from applying to the Court for further or additional Protective Orders, or from agreeing between themselves to modification of this Protective Order, subject to the approval of the Court.

15. Pursuant to NCGS 132-1.4A(b), any law enforcement officer body camera footage produced pursuant to discovery or otherwise ordered to be produced by a court is not a "personnel record," as defined NCGS 160A-168, and is not subject to this Order.

16. This Order shall not apply to those personnel records that constitute public records under the provisions of N.C. Gen. Stat. § 160A-168(b).

17. *To the extent any party seeks leave to file information with the Court under seal, such request shall be made in conformity with the Local Rules of this district, including Local Civil Rule 6.1.*

Signed: October 13, 2022

W. Carleton Metcalf
United States Magistrate Judge